Cheryl A. Williams (Cal. Bar No. 193532)
Kevin M. Cochrane (Cal. Bar No. 255266)
caw@williamscochrane.com
kmc@williamscochrane.com
WILLIAMS & COCHRANE, LLP
836 57th Street, Suite 472
Sacramento, CA 95819
Telephone: (916) 431-0126

Attorneys for Plaintiff
BERRY CREEK RANCHERIA

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BERRY CREEK RANCHERIA OF MAIDU INDIANS OF CALIFORNIA**, a federally-recognized Indian tribe,<br><br>Plaintiff,<br><br>vs.<br><br>**STATE OF CALIFORNIA; GAVIN NEWSOM**, as Governor of the State of California; and **DOES 1 THROUGH 10**;<br><br>Defendants. | Case No.: 21-CV-02284-JAM-DMC<br><br>**NOTICE OF RELATED CASES**<br><br>**Case No. 19-cv-00024-AWI-SKO**<br>**Case No. 20-cv-01147-AWI-SKO**<br>**Case No. 20-cv-01318-AWI-SKO**<br>**Case No. 20-cv-01539-AWI-SKO**<br>**Case No. 20-cv-01585-AWI-SKO**<br>**Case No. 20-cv-01630-AWI-SKO**<br>**Case No. 20-cv-01918-AWI-SKO**<br>**Case No. 21-cv-00579-AWI-SKO**<br>**Case No. 21-cv-01166-AWI-SKO**<br>**Case No. 21-cv-01509-AWI-SKO** |

Pursuant to Local Rules 123(a)(3), (a)(4), (b), and (c) of the Local Rules of the United States District Court for the Eastern District of California ("Local Rules"), the Berry Creek Rancheria of Maidu Indians of California ("Berry Creek" or "Tribe") files this Notice of Related Cases to promptly inform the Court that the instant action raises similar questions of both fact and law as cases previously filed by at least fourteen (14) other California Indian tribes, all of which are currently pending before the tandem of Senior District Judge Ishii and Magistrate Judge Oberto. As to that, on December 12, 2021, Berry Creek, which still happens to be a signatory to one of the original form gaming compacts in the State of California ("1999 Compact"), filed a complaint alleging bad faith negotiation under the Indian Gaming Regulatory Act of 1988, 25 U.S.C. § 2701 *et seq.*, against the State of California and Governor Gavin Newsom (collectively "State") for, *inter alia*, insisting upon the following terms in the compact:

1) Payments into a revenue sharing fund known as the Special Distribution Fund to cover expenses that are not directly related to the State's costs of regulating Indian gaming;
2) Payments into a revenue sharing fund known as the Revenue Sharing Trust Fund above and beyond what is needed to fulfill the original purpose of the fund to provide each non- and limited-gaming tribe with $1.1 million of annual financial support;
3) The execution of costly intergovernmental agreements with certain localities and State agencies every time the Tribe undertakes a "Project" during the life of the compact;
4) Compliance with thirteen pages of State-labor laws inaptly known as the Tribal Labor Relations Ordinance at a point in time when the oft-conflicting National Labor Relations Act, 29 U.S.C. § 151 *et seq.*, already applies to the gaming facilities of Indian tribes; and,
5) A host of other provisions that are not directly related to the regulation of class III gaming, such as compliance with the State's minimum wage law and "earnings withholding orders for… support of a child, spouse or former spouse."

(Dkt. No. 1, ¶¶ 71-76, 80-86, 96-98)

Again, at least fourteen other tribes that are also signatories to the 1999 Compact filed suit in this District – either individually or jointly – over the past three years raising these very same issues, and all such actions are currently pending before District Judge Ishii and Magistrate Judge Oberto. The title and number for each one of these cases is set forth below in chronological order based upon their filing

dates:

- *Chicken Ranch Rancheria of Me-Wuk Indians et al. v. Newsom,* No. 19-cv-00024-AWI-SKO
- *Soboba Band of Luiseno Indians v. State of California,* No. 20-cv-01147-AWI-SKO
- *Bishop Paiute Tribe v. Newsom,* No. 20-cv-01318-AWI-SKO
- *Bear River Band of Rohnerville v. State of California,* No. 20-cv-01539-AWI-SKO
- *Cachil Dehe Band of Wintun Indians of the Colusa Indian Community v. State of California,* No. 20-cv-01585-AWI-SKO
- *Cahuilla Band of Indians v. State of California,* No. 20-cv-01630-AWI-SKO
- *Pit River Tribe v. Newsom,* No. 20-cv-01918-AWI-SKO
- *Redding Rancheria v. State of California,* No. 21-cv-00579-AWI-SKO
- *Pauma Band of Mission Indians,* No. 21-cv-01166-AWI-SKO
- *Augustine Band of Cahuilla Indians,* No. 21-cv-01509-AWI-SKO

The commonalities between the instant suit and the ten listed above are patent, and involve the same underlying contract, the same Defendants, the same claim(s), many of the same demands, and thus many of the same alleged types of bad faith.

***Not to mention***, one of the cases above – *Pauma* – was also filed by the undersigned, who is of the belief that this foregoing case needs to be heard alongside the instant one. More than just raising similar core arguments, this case and *Pauma* each have records of negotiations reflecting positions taken by the State that are noteworthy if not outright irreconcilable in light of what it said or did in the other record. In fact, the complaint filed by Berry Creek even discusses the dissimilar positions taken by the State on one such material topic, as the excerpt below indicates:

> Despite all of this, the final position taken by the State was vastly different from the one in the Pauma tribe's negotiations, but nevertheless had the same result of failing to confer anything at all. To explain, in Pauma, the position taken by the State over the course of many years of negotiation was that it would only agree to enumerate certain unidentified lottery games (other than the multi-state lottery games that could conceivably compete with the California State Lottery) in the body of the draft compact. *See Pauma Band of Mission Indians v. Newsom*, No. 21-01166-AWI-SKO, Dkt. No. 1, ¶¶ 2, 32 & 40 (E.D. Cal. June 30, 2021). This requirement for so-called granular specificity had suddenly become anathema to the State in Berry Creek's negotiations, as it flatly rejected the idea of identifying particular games in favor of inserting a provision that would allow Berry Creek to offer a proposed lottery game only if the State Gaming Agency approved its

operation at some open-ended point during the life of the compact after 'taking into consideration whether they are [sic] a lottery under applicable California law and relevant case law' and whether 'the rules of the game and any software or hardware computer equipment, drawing equipment and lottery tickets required for operation of such game make it possible to operate such game in a manner which is honest, fair to patrons and amenable to regulatory oversight.'

(Dkt. No. 1, ¶ 67) With these divergent positions helping to bring to light the arbitrariness and unreasonability of the State's negotiation positions, the undersigned plans on referring to the Pauma record in Berry Creek's motion for summary judgment, and vice versa. Given this, the undersigned is of the belief that relating this action to the ten predecessors (and particularly Pauma's) and reassigning it to the dockets of District Judge Ishii and Magistrate Judge Oberto will conserve substantial judicial resources. As such, Berry Creek respectfully requests an order relating and reassigning this case in the aforesaid manner pursuant to Local Rule 123(c).

   RESPECTFULLY SUBMITTED this 20th day of December, 2021

BERRY CREEK RANCHERIA

By: */s/ Kevin M. Cochrane*
Cheryl A. Williams
Kevin M. Cochrane
caw@williamscochrane.com
kmc@williamscochrane.com
WILLIAMS & COCHRANE, LLP
836 57th Street, Suite 472
Sacramento, CA 95819
Telephone: (916) 431-0126