1

2

3

4

5              **UNITED STATES DISTRICT COURT**

6              **EASTERN DISTRICT OF CALIFORNIA**

7

8    **PAUMA BAND OF MISSION INDIANS, a**          **CASE NO. 2:21-CV-1166 AWI SKO**
     **federally-recognized Indian tribe,**
9
                    **Plaintiff**
10                                                   **ORDER ON DEFENDANTS' MOTION**
                       **v.**                        **TO TRANSFER VENUE**
11
     **GAVIN NEWSOM, as Governor of the**            **(DOC. NO. 13)**
12   **State of California; STATE OF**
     **CALIFORNIA; and DOES 1 THROUGH**
13   **10;**

14                  **Defendants**

15

16

17          Plaintiff Pauma Band of Mission Indians (the "Tribe") has filed suit against the State of

18   California and Gov. Gavin Newsom (collectively "California") alleging violations of the Indian

19   Gaming Regulatory Act ("IGRA").  Specifically, the Tribe alleges that Defendant failed to engage

20   in good faith negotiations on a new Tribal-State Gaming Compact.  Currently before the Court is

21   California's 28 U.S.C. § 1404(a) motion to transfer venue from the Eastern District of California

22   ("EDCA") to the Southern District of California ("SDCA").  For the reasons that follow, the

23   motion will be denied.

24

25                              **DEFENDANT'S MOTION**

26   *Defendant's Argument*

27          California argues that the existing Gaming Compact between the Tribe and California

28   contains a forum selection clause.  Under this clause, venue for disputes involving good faith

negotiations is set in the SDCA.  Pursuant to the Supreme Court's decision in *Atlantic Marine*, the clause should be enforced and this matter transferred to the SDCA.  Further, the SDCA has already adjudicated a prior lawsuit by the Tribe for an alleged failure to negotiate in good faith. Finally, because the Tribe's casino is located in the SDCA, the case could have been brought in that district and there is no impediment to transfer.

### *Plaintiff's Opposition*

The Tribe argues that transfer to the SDCA is inappropriate.  The Tribe argues *inter alia* that the forum selection clause is permissive, not mandatory, and that it only applies to the existing Tribal Gaming Compact and not to future compacts.  Further, to the extent that the forum selection clause may apply, the balance of the relevant public factors aweigh against a transfer.

### *Forum Selection Clause*

The 1999 Tribal-Gaming Compact between the Tribe and California contains a forum selection clause.  That clause reads:

> Disagreements that are not otherwise resolved by arbitration or other mutually agreeable means as provided in Section 9.3 may be resolved in the United States District Court where the Tribe's Gaming Facility is located, or is to be located, and the Ninth Circuit Court of Appeals (or, if those federal courts lack jurisdiction, in any state court of competent jurisdiction and its related courts of appeal).  The disputes to be submitted to court action include, but are not limited to, claims of breach or violation of this Compact, or failure to negotiate in good faith as required by the terms of this Compact.

Doc. 13-3 at Ex. A, p. 27 ("1999 Tribal-Gaming Compact") at ¶ 9.1(d).[1]

### *Legal Standard*

28 U.S.C. § 1404(a) provides in relevant part:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."  28 U.S.C. § 1404(a).  This statute partially displaces the common law doctrine of *forum non conveniens*.  See <u>Decker Coal Co. v. Commonwealth Edison Co.</u>, 805 F.2d 834, 843 (9th Cir. 1986).  The purpose of § 1404(a) is "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 616

---

[1] There is no dispute that the Tribe's casino sits within the SDCA.

(1964).  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions

for transfer according to an individualized, case-by-case consideration of convenience and

fairness."  Stewart Organization, Inc. v. RICOH Corp., 487 U.S. 22, 29 (1988); Jones v. GNC

Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000).  The analysis of a § 1404(a) motion depends

on whether a forum selection clause is at issue, see Atlantic Marine Constr. Co. v. United States

Dist. Ct., 571 U.S. 49, 62-63 (2013); Depuy Synthes Sales, Inc. v. Howmedica Osteonics Corp.,

28 F.4th 956, 963 (9th Cir. 2022), and whether the forum selection clause is mandatory or

permissive.  See Lakeside Surfaces, Inc. v. Cambria Co., 16 F.4th 209, 216 (6th Cir. 2021); D&S

Consulting, Inc. v. Kingdom of Saudi Arabia, 961 F.3d 1209, 1213 (2020); BAE Sys. Tech. Sol. &

Servs. v. Republic of Korea's Def. Acquisition Program Admin., 884 F.3d 463, 471-72 (4th Cir.

2018); Weber v. PACT XPP Techs., AG, 811 F.3d 758, 766-67 (5th Cir. 2016); Found. Fitness

Prods., Ltd. Liab. Co. v. FreeMotion Fitness, 121 F. Supp. 3d 1038, 1043 (D. Or. 2015).  "To be

mandatory, a clause must contain language that clearly designates a forum as the exclusive one."

Idaho v. Coeur D'Alene Tribe, 794 F.3d 1039, 1045 (9th Cir. 2015); Northern Cal. Dist. Council

of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1037 (9th Cir. 1995).  A permissive

clause often authorizes jurisdiction in a designated forum and does not prohibit litigation

elsewhere.  See Rivera v. Kress Stores of P.R., Inc., 30 F.4th 98, 103 (1st Cir. 2022); Slater v.

Energy Servs. Grp. Int'l, Inc., 634 F.3d 1326, 1330 (11th Cir. 2011); Hunt Wesson Foods, Inc. v.

Supreme Oil Co., 817 F.2d 75, 77 (9th Cir. 1987).

   If a permissive forum selection clause is at issue, courts will examine the traditional public

and private factors in determining whether to transfer venue.  See Lakeside Surfaces, 16 F.4th at

216; D&S Consulting, 961 F.3d at 1213; BAE Sys., 884 F.3d at 471-72; Weber, 811 F.3d at 766-

67.  Those factors include: (1) the location where the relevant agreements were negotiated and

executed; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of

forum; (4) the respective parties' contacts with the forum; (5) the forum's contacts with the

plaintiff's cause of action; (6) the differences in the costs of litigation in the two forums; (7) the

availability of compulsory process to compel attendance of unwilling non-party witnesses; (8) the

ease of access to sources of proof; (9) the presence of a forum selection clause; (10) the relevant

public policy of the forum state, if any; (11) convenience of the parties; (12) convenience of the witnesses; (13) local interest in the controversy; (14) court congestion of the two forums; and (15) feasibility of consolidating other claims.  See Jones, 211 F.3d at 498-99 (9th Cir. 2000); Hawkins v. Gerber Prods. Co., 924 F.Supp.2d 1208, 1213 (S.D. Cal. 2013); Barnes & Noble, Inc. v. LSI Corp., 823 F.Supp.2d 980, 994 (N.D. Cal. 2011); Metz v. United States Life Ins. Co., 674 F.Supp.2d 1141, 1145-46 (C.D. Cal. 2009).  To transfer a case under § 1404(a), the "defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum."  Decker, 805 F.2d at 843; see BAE Sys., 884 F.3d at 472; see also Jones, 211 F.3d at 497.

If a mandatory forum selection clause is at issue, the calculus changes significantly.  See Atlantic Marine, 571 U.S. at 62-65; Weber, 811 F.3d at 767.  The plaintiff's choice of forum is afforded no weight, and the plaintiff bears the burden of showing that the case should not be transferred.  See Atlantic Marine, 571 U.S. at 63-64; Sun v. Advanced China Healthcare, Inc., 901 F.3d 1081, 1087 (9th Cir. 2018).  Further, the court will not weigh the private interest factors, but will instead deem them to weigh in favor of the forum identified in the forum selection clause. See Atlantic Marine, 571 U.S. at 64; Sun, 901 F.3d at 1087-88.  The public interest factors include:  (1) court congestion; (2) local interest in having localized controversies decided at home; and (3) having the trial of a diversity case in a forum that is at home with the controlling law. Atlantic Marine, 571 U.S. at 62 n.6; Sun, 901 F.3d at 1088.  As a result, "only under extraordinary circumstances unrelated to the convenience of the  parties" should a court decline to enforce a forum selection clause.  Atlantic Marine, 571 U.S. at 62; Sun, 901 F.3d at 1088.  Such "extraordinary circumstances" may include: (1) invalidity of the clause due to overreaching or fraud; (2) enforcement of the clause would contravene a strong public policy of the forum in which suit is brought; or (3) trial in the designated forum would be so gravely inconvenient and difficult that enforcement would deprive a party of his day in court.  Sun, 901 F.3d at 1088.

*Discussion*

1.     Mandatory or Permissive Clause

The key language of the forum selection clause is that disagreements "*may be resolved* in the United States District Court where the Tribe's Gaming Facility is located . . . ."  1999 Tribal-

Gaming Compact at ¶ 9.1(d) (emphasis added). This language does not use the term "shall,"

which is recognized as a mandatory term. See Hunt Wesson, 817 F.2d at 77. Instead, it uses the

term "may," "which is universally recognized as connoting permissiveness. It is not a word of

exclusion[.]" SBKC Corp. v. 1111 Prospect Partners, LP, 105 F.3d 578, 581-82 (10th Cir. 1997).

Since disputes "may" be brought in the SDCA, the clause does not confine venue to the SDCA.

See id.; cf. Idaho, 794 F.3d at 1045 (defining a mandatory clause). Instead, the clause merely

permits parties to bring suit in the SDCA and represents an acceptance of the SDCA's ability to

exercise personal jurisdiction over the parties. Therefore, because the forum selection clause does

not set the SDCA as the exclusive venue, the forum selection clause in this case is permissive and

the *Atlantic Marine* methodology does not apply. See Lakeside Surfaces, 16 F.4th at 216; D&S

Consulting, 961 F.3d at 1213; BAE Sys., 884 F.3d at 471-72; Weber, 811 F.3d at 766-67.

      2.      § 1404(a) Factors

Because *Atlantic Marine* does not apply, transfer can only be accomplished under §

1404(a) by weighing the public and private factors. See id. However, California's motion is

based almost entirely on application of the *Atlantic Marine* framework. See Doc. No. 13-1.

California did not meaningfully attempt to weigh the public and private factors in this case. See

id. It is true that both the Tribe's opposition and California's reply address some of the typical

private and public factors. However, it is California's burden to show that the factors weigh

sufficiently in favor of a transfer, which means that the place to address those factors was in the

motion, not the reply. By addressing factors in a reply, and although the Tribe addressed some

factors in opposition, the Tribe has been deprived of a fair opportunity to address California's

arguments regarding all relevant § 1404(a) factors. Making arguments that are necessary to carry

one's burden for the first time as part of a reply is simply inappropriate. Cf. Estate of Jackson v.

City of Modesto, 2021 U.S. Dist. LEXIS 199638, *48 n.15 (E.D. Cal. Oct. 14, 2021) (refusing to

consider arguments made for the first time in a reply). Therefore, the Court must conclude that

California has failed to make a strong showing that transfer is appropriate, see BAE Sys., 884 F.3d

at 472; Decker, 805 F.2d at 843; see also Jones, 211 F.3d at 497, and will deny the § 1404(a)

motion.

1

**<u>ORDER</u>**

2      Accordingly, IT IS HEREBY ORDERED that Defendants' motion to transfer venue (Doc.

3 No. 13) is DENIED without prejudice.

4

5 IT IS SO ORDERED.

6 Dated:   April 6, 2023   _____

7                          SENIOR  DISTRICT  JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28