UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUMA BAND OF MISSION INDIANS, a federally recognized Indian Tribe,<br><br>Plaintiff,<br><br>v.<br><br>GAVIN NEWSOM, Governor of the State of California; the STATE OF CALIFORNIA; and DOES 1 THROUGH 10,<br><br>Defendants. | No.  2:21-cv-01166-ADA-SKO<br><br>ORDER GRANTING PARTIES' STIPULATION FOR FINDING OF FAILURE TO NEGOTIATE IN GOOD FAITH BY STATE DEFENDANTS UNDER 25 U.S.C. § 2710(d)(7)(B)(iii)<br><br>ORDER REQUIRING PARTIES TO PROCEED TO REMEDIAL PROCESS PURSUANT TO 25 U.S.C. § 2710(d)(7)(B)(iii)-(vii)<br><br>(ECF No. 44) |

On June 30, 2021, Plaintiff Pauma Band of Mission Indians ("Plaintiff") filed a complaint alleging that Defendant State of California had violated the Indian Gaming Regulatory Act ("IGRA") by failing to negotiate with Plaintiff in good faith to enter into a Tribal-State compact governing the conduct of Class III gaming activities on the Indian lands within Plaintiff's jurisdiction. (ECF No. 1 at ¶ 1.) Defendant State and Plaintiff have not entered a new Tribal-State compact under 25 U.S.C. § 2710(d)(3), and Defendant State has denied Plaintiff its statutory right under IGRA to engage in negotiations for a Tribal-State compact. (ECF No. 1 at ¶¶ 75, 76.)

The following provides a brief background of the IGRA.  The IGRA allows states to play a role in the regulation of tribal gaming in Indian country through good faith negotiations of Tribal-

1    State compacts with Indian tribes. (ECF No. 1 at ¶¶ 10-13.) Class III gaming, which is at issue
2    here, is defined as all forms of gaming that are not in Class I gaming or Class II gaming, including
3    but not limited to any house banking game; any slot machines as defined in 15 U.S.C. § 1171(a)(1)
4    and electronic or electromechanical facsimiles of any game of chance; any sports betting and
5    parimutuel wagering, including but not limited to wagering on horse racing, dog racing or jai alai;
6    or lotteries. (*Id*. at ¶ 15.) An Indian tribe with jurisdiction over the Indian lands upon which Class
7    III gaming activities are being conducted, or are to be conducted, shall request the state to enter
8    negotiations to create a Tribal-State compact governing the conduct of Class III gaming activities.
9    25 U.S.C. § 2710(d)(3)(A). The Secretary of State is authorized to approve any Tribal-State
10   compact entered between an Indian tribe and a state governing Class III gaming on the tribe's Indian
11   lands. 25 U.S.C. § 2710(d)(8)(A).

12   Currently before this Court is the Parties' stipulation and proposed order finding that State
13   Defendants failed to negotiate in good faith under 25 U.S.C. § 2710(d)(7)(B)(iii) and for entry of
14   an order requiring the parties to proceed to the remedial process. (ECF No. 44.) Therein, the parties
15   request, under the first claim for relief in Plaintiff's Complaint, a finding "that the state failed to
16   negotiate in good faith as required by IGRA because it sought to negotiate for compact provisions
17   that fall well outside of IGRA's permissible topics of negotiations." (*Id*. at 3 (internal quotations
18   omitted).) On July 28, 2022, the Ninth Circuit issued a decision in *Chicken Ranch Rancheria of*
19   *Me-Wuk Indians v. California*, 42 F.4th 1024 (9th Cir. 2022). There, the Court considered whether
20   the State of California had failed to negotiate in good faith with five California tribes seeking new
21   Tribal-State compacts required by the IGRA for the tribes to conduct Class III gaming. *Id.* at 1041.
22   The Court held that "IGRA strictly limits the topics that states may include in tribal-state Class III
23   compacts to those directly related to the operation of gaming activities." *Id.* at 1029. The Court
24   specifically addressed tribal recognition of spousal and child support orders for gaming facility
25   employees, environmental review and mitigation, and broad tort claims covered. *Id.* at 1037-39.
26   The Court held that family, environmental, and tort law provisions are not directly related to the
27   operation of gaming activities under 25 U.S.C. § 2710(d)(3)(C)(vii). *Id.* at 1038.

28   The parties explain that the *Chicken Ranch* decision resolved three of the claims at issue in

this litigation: generally, the extent to which 25 U.S.C. § 2710(d)(3)(C)(i)-(vii) limits the permissible scope of compact negotiations, whether the State's insistence on compact provisions concerning broad tort claims coverage, employment spousal and child support orders, and environmental review and mitigation, as documented in the RON, constituted a failure of the State to negotiate in good faith with Plaintiff.  (ECF No. 44 at 3.)  Therefore, the parties request this Court to issue a finding, under the first claim for relief in Plaintiff's Complaint, that the State failed to negotiate in good faith as required by IGRA and order the Parties to proceed pursuant to the remedial process set forth in the IGRA, 25 U.S.C. § 2710(d)(7)(B)(iii)-(vii) under the Court's continued supervision.  (*Id.* at 3-4.)

Upon review of the parties' stipulation, the Court grants the parties' stipulation.  Thus, the Court finds that, under the first claim for relief in Plaintiff's Complaint, the State failed to negotiate in good faith as required by IGRA, orders the parties to proceed pursuant to the remedial process set forth in the IGRA, and the parties shall bear their own costs and attorney's fees.

Accordingly,

1. The Parties' stipulation for finding of failure to negotiate in good faith by State Defendants and entry of order requiring Parties to proceed to the remedial process in 25 U.S.C. § 2710(d)(7)(B)(iii)-(vii), (ECF No. 44), is GRANTED;

2. The Court finds that the State "has failed to negotiate in good faith with" Plaintiff "to conclude a Tribal-State compact governing the conduct of gaming activities," (*see* 25 U.S.C. § 2710(d)(7)(B)(iii)), under the Complaint's first claim for relief, consistent with the Ninth Circuit Court of Appeals decision in *Chicken Ranch Rancheria of Me-Wuk Indians v. California*, 42 F.4th 1024 (9th Cir. 2022), and the undisputed facts agreed upon by the Parties;

3. The Parties are ordered to proceed pursuant to the remedial process set forth in Indian Gaming Regulatory Act, 25 U.S.C. § 2710(d)(7)(B)(iii)-(vii), under the Court's continued supervision; and

///

///

4. The parties shall bear their own costs and attorney's fees.

IT IS SO ORDERED.

Dated:   October 2, 2023

_____
UNITED STATES DISTRICT JUDGE